# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENETTA MONTGOMERY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-09-934-F |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff, Ms. Jennetta Montgomery, seeks judicial review of a denial of disability insurance benefits (DBI) and supplemental security income benefits (SSI) by the Social Security Administration.[1] This matter has been referred for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

I.  **Procedural Background**

Ms. Montgomery's amended disability onset date is June 1, 2007. *See* Administrative Record [Doc. #12] (AR) at 9; 56. The Social Security Administration denied her application initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision on June 23, 2009. AR at 6-16. The Appeals Council denied

---

[1] The Administrative Law Judge (ALJ) determined that Ms. Montgomery did not qualify financially for SSI. That finding is not challenged on appeal.

Ms. Montgomery's request for review, and the decision of the ALJ became the final decision of the Commissioner. AR 1-3. This appeal followed.

II. **The ALJ's Decision**

The ALJ followed the sequential evaluation process required by agency regulations. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920. The ALJ first determined that Ms. Montgomery had not engaged in substantial gainful activity since the amended onset date. AR 11. At step two, the ALJ determined that Ms. Montgomery suffers from the following severe impairments: back pain, right hip and knee problems. AR 11. The ALJ also noted that Ms. Montgomery alleged non-epileptic stress attacks triggered by coughing resulting from poor breathing, but that at the hearing, Ms. Montgomery's attorney stipulated that breathing problems were not an impairment for consideration. AR 11. At step three, the ALJ found that Ms. Montgomery's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 14.

The ALJ next determined that Ms. Montgomery retained the residual functional capacity (RFC) to perform sedentary work limited by the requirement of a sit/stand option and the inability to climb, balance, crouch or crawl. The ALJ found that Ms. Montgomery can occasionally use stairs and ramps. AR 14. Based on this RFC, the ALJ determined that Plaintiff can perform her past relevant work as business owner and call center operator. AR 15. The ALJ, therefore, determined Ms. Montgomery was not disabled.

2

## III. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## IV. Analysis

Ms. Montgomery challenges the ALJ's credibility findings. The ALJ implicitly rejected Ms. Montgomery's testimony concerning the severity of her limitations when determining her RFC. The ALJ's discussion of the voluminous medical record in this case was limited to the results of a consultative physical evaluation dated July 6, 2006, AR 608-

3

616; the results of a clinical interview and mental status examination conducted by a consultative medical source dated September 14, 2006, AR 617-623; and the findings noted on a Psychiatric Review Technique form. AR 624-637. From this review, the ALJ determined that Ms. Montgomery's mental impairments are not severe – a finding that is not challenged on appeal. The ALJ relied on the physical evaluation in determining Ms. Montgomery's physical RFC, a determination influenced by the ALJ's credibility assessment. As Ms. Montgomery notes, however, the ALJ's credibility findings are not based on the medical records.

"'Credibility determinations are peculiarly the province of the finder of fact[.]'" *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (*quoting Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)). Nevertheless, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted).

In *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987), the Tenth Circuit Court of Appeals set forth the framework for the proper analysis of a claimant's pain or other symptoms. First, the objective medical evidence must demonstrate the existence of an impairment capable of producing the alleged symptoms. Second, a "loose nexus" must exist between the proven impairment and the claimant's subjective allegations. If these two conditions are satisfied, the ALJ must then determine whether, considering all the evidence both objective and subjective, the claimant's symptoms are in fact disabling. *Id.* at 163-164.

"Objective evidence" is any evidence that can be discovered and substantiated by external testing. *Id.* at 162. "Subjective evidence" consists of statements of the claimant that can be evaluated only on the basis of credibility. *Id.* at 162, n. 2. To determine the credibility of testimony concerning pain or other symptoms, the ALJ should consider such factors as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Branum v. Barnhart*, 385 F.3d 1268, 1273-1274 (10th Cir. 2004) (*quoting Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (quotation omitted)). *See also* SSR 96-7p, 1996 WL 374186 at *3.

Although the ALJ purportedly considered all the evidence, her credibility findings were not linked to substantial evidence in the record:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible to the extent they are inconsistent with the above residual functional capacity assessment.

AR 15. After finding that Ms. Montgomery's medically determinable impairments could cause the symptoms of which she complained, the ALJ should have considered the aforementioned factors to determine whether her complaints were credible. Instead, the ALJ linked her credibility findings only to Ms. Montgomery's ability to take limited trips to visit family members, her ability to raise her grandchildren, and her inability to stop smoking:

> The claimant traveled to Arizona in May and October of 2008. She traveled to California in April and July 2008. The claimant traveled by automobile to Indiana for Christmas of 2008. She travels regularly to Granite, Oklahoma. The claimant has refused medical advice to stop smoking which would improve her breathing.
>
> The claimant and her husband are raising two of her grandchildren ages seven and eight and she is the payee for one of the children. Her husband is disabled.

AR 15.

At the administrative hearing, Ms. Montgomery explained that she traveled to Arizona to visit her sick mother and later for her mother's burial. Her trip to California was to visit her sick father-in-law. She traveled to Indiana to visit her daughter for Christmas. Finally, she testified that she and her husband travel to Granite, Oklahoma about once every month to visit their son. Her husband drives when trips are taken by automobile. AR 36-40. The ALJ did not explain why Ms. Montgomery's limited travel detracts from her credibility or how the ability to sit in a car while someone else drives is indicative of the ability to sustain substantial gainful employment.

The ALJ's observation that Ms. Montgomery has "refused medical advice to stop smoking" is inaccurate. Ms. Montgomery did testify that she continues to smoke. Several notations in her medical records indicate, however, that Ms. Montgomery was "attempting cessation" of her smoking. *See* e.g. AR 341; 355. Agency regulations provide that a claimant must "follow treatment prescribed by your physician if this treatment can restore your ability to work." 20 C.F.R. § 404.1530(a). But being unsuccessful in breaking a smoking habit is not tantamount to refusing medical advice. Here, however, the ALJ cited

no evidence to suggest that if Ms. Montgomery were to quit smoking, her ability to work would be restored. Moreover, as the Seventh Circuit Court of Appeals has noted, "even if medical evidence had established a link between smoking and [the claimant's] symptoms, it is extremely tenuous to infer from the failure to give up smoking that the claimant is incredible when she testifies that the condition is serious or painful." *Shramek v. Apfel*, 226 F.3d 809, 813 (7th Cir. 2000).

The Commissioner offers several explanations in an attempt to justify the ALJ's credibility determination. For example, the consultative physician stated that Ms. Montgomery's shaking hand seemed to be exaggerated at times. But the ALJ did not link this statement to her credibility findings. An ALJ's determination must be "evaluated based solely on the reasons stated," without engaging in a "post hoc effort to salvage" it. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). This court does not "overstep [its] institutional role and usurp essential functions committed in the first instance to the administrative process." *Id.* at 1084-85 (quotation omitted). The ALJ's credibility findings are not supported by substantial evidence in the record. It is therefore recommended that the Commissioner's final decision be reversed, and that this case be remanded for further proceedings consistent with this Report and Recommendation.

## **RECOMMENDATION**

It is recommended that the Commissioner's decision be reversed and remanded for further consideration consistent with this Report and Recommendation.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P.72. Any such objections should be filed with the Clerk of the District Court by August __26th__, 2010. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __5th__ day of August, 2010.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE